# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHANCE TURNER BROWN IV, | ) |
|     Plaintiff, | ) |
| v. | ) No. 2:25-cv-02323-SHL-cgc |
| WELLS FARGO BANK, N.A., | ) |
|     Defendant. | ) |

## ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

Plaintiff Chance Turner Brown seeks an ex parte temporary restraining order compelling Defendant Wells Fargo Bank, N.A. to immediately accept and process a Bill of Exchange drawn against the United States Treasury. (ECF No. 2.) He filed a contemporaneous petition for enforcement of the Bill of Exchange that asserts claims against Wells Fargo for breach of contract, negligence, tortious interference, wrongful account closure, improper characterization of financial instrument, and discrimination in violation of the Equal Credit Opportunity Act. (Id. at PageID 4–5.) Because Brown has not satisfied the procedural requirements for requesting a TRO, and because he is unlikely to succeed on the merits of his claim, his motion is **DENIED**.

## BACKGROUND[1]

Brown identifies as a "Non-Citizen National." (ECF No. 2 at PageID 4.) He states that he is an "Individual Bank empowered under federal law to issue negotiable instruments backed by U.S. obligations," and he "represents the integration of the individual participation in the banking framework established by Congress during" the Great Depression. (Id. at PageID 3.)

---

[1] The facts are solely taken from Brown's petition.

On March 7, 2025, he issued a Bill of Exchange "backed by the full faith and credit of the United States Treasury" directing Wells Fargo to pay him $8,250,000.00. (ECF No. 3 at PageID 23 (sealed).) On March 14, he presented the Bill of Exchange to Wells Fargo for deposit into his account. (ECF No. 2 at PageID 4.)

Bridgette N. Todd Jones, an Associate Personal Banker at Wells Fargo, told Brown that she would not accept the Bill. (Id.) According to him, he repeatedly attempted to force her to review the documents, and "she persistently refused to process the instrument." (Id.) Brown alleges that he called a corporate representative and placed the call on speakerphone so that the representative could talk to Jones. (Id.) Jones asserted that she did not recognize the telephone number. (Id.) Bank security intervened and asked Brown to provide identification. (Id.) He alleges that they harassed him. (Id.)

On March 20, Wells Fargo emailed Brown, citing its Deposit Account Agreement as justification for its refusal to process the Bill. (Id.) Wells Fargo also asserted that the Bill was suspicious. (Id.) The next day, Wells Fargo notified Brown that his account was being closed without explanation. (Id.) In response, Brown sent Wells Fargo[2] a "Notice of Dishonor" stating that he would pursue "further legal action" if it failed to accept and process the Bill and provide written confirmation of compliance within three business days. (ECF No. 2-1 at PageID 7–8.) Wells Fargo did not do so. True to his word, Brown filed his petition for enforcement three days later on March 23, and he requests an ex parte temporary restraining order forcing Wells Fargo to process the Bill. (Id. at PageID 5.)

---

[2] Copies of the notice were also forwarded to the United States Treasury and the Federal Reserve Bank of St. Louis. (ECF No. 2-1 at PageID 8.)

## APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. The Rule provides that preliminary injunctions may be issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). At the same time, "[t]he only type of injunctive relief that a district court may issue ex parte [without notice] is a temporary restraining order." Hancox v. Citimortgage, No. 13-2629-STA-dkv, 2013 WL 12049113, at *1 (W.D. Tenn. Aug. 15, 2013) (quoting First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993)). Courts may only issue TROs without written or oral notice to the adverse party or its attorney if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). "The normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." First Tech. Safety, 11 F.3d at 650 (citation omitted).

## ANALYSIS

Brown attaches his Notice of Dishonor to show that he notified Wells Fargo of his intent to pursue immediate legal action if it failed to comply with his demands. But Rule 65 requires more than that—Brown must certify in writing any efforts made to give notice of pursing this extraordinary relief and the reasons it should not be required. He did not do so. But even if he had, he would still not be entitled to the extraordinary relief he seeks. He did not submit a verified complaint or an affidavit swearing that he would suffer immediate and irreparable injury

3

absent the issuance of a TRO before Wells Fargo could be heard in opposition.[3] While his petition contains a verification at the end, he does not swear that his statements are true under the penalty of perjury.

"When courts consider irreparable harm, 'the key word is irreparable' and 'the possibility that adequate compensatory or other corrective relief will be available at a later date weighs heavily against the claim.'" Ward v. Coleman-Ward, No. 1:19-CV-1119-STA-jay, 2019 WL 5212901, at *4 (W.D. Tenn. Oct. 16, 2019) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974) (cleaned up)). Brown alleges that he would suffer irreparable harm absent the TRO because he is being denied access to $8,250,000. But this kind of compensatory relief can be provided at a later date if he is entitled to it, and there is nothing to indicate Brown needs immediate access before Wells Fargo can be heard.

In addition to the procedural shortcomings in his motion, Brown's argument also fails on the merits. "The Court considers four factors when determining whether to grant a temporary restraining order: (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of [a TRO] would cause substantial harm to others; and (4) whether the public interest would be served by issuance of [a TRO]." Thomas v. Schroer, 116 F. Supp. 3d 869, 874 (W.D. Tenn. 2015) (citation and internal quotations omitted). All the factors must be balanced, as no single factor is dispositive. Id. (citing In re De Lorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985)). Still, while "[n]o single factor is determinative . . . "a finding that there is simply no likelihood of success on the merits is usually fatal." Hancox , 2013 WL 12049113, at *2 (quoting Ohio

---

[3] Brown submitted a "Declaration of Trust and Presentment of Bill of Exchange" in which he swears that his Bill of Exchange is lawful. (ECF No. 2-1 at PageID 9–10.) But this Declaration does not state how he would suffer immediate and irreparable harm absent an ex parte TRO.

Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008)). "The burden of persuasion is on the party seeking the injunctive relief." Id. (citing Stenberg v. Cheker Oil Co., 573 F.2d 921, 925 (6th Cir. 1978)).

As explained above, Brown cannot demonstrate that he would suffer irreparable injury, but, even more fundamentally, he has not shown a strong likelihood of success on the merits. Brown has not provided anything that supports his allegation that he is authorized to issue Bills of Exchange drawn on the United States Treasury. Indeed, other courts have found these kinds of bills to be "nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing." In re Fisher, No. 15–10386, 2015 WL 4041335, at *6 (E.D. Mich. July 1, 2015) (quoting McElroy v. Chase Manhattan Mortg. Corp., 134 Cal. App. 4th 388, 393 (Cal. Ct. App. 2005)). Even the United States Treasury Department has warned the public that bills of exchange drawn on the Treasury "are worthless." TreasuryDirect, Bogus Sight Drafts/Bills of Exchange Drawn on the Treasury, https://treasurydirect.gov/laws-and-regulations/fraud/bogus-sight-draft/ ("Drawing such drafts on the U.S. Treasury is fraudulent and a violation of federal law.").

Thus, for the foregoing reasons, Brown's motion for an ex parte TRO is denied.

**IT IS SO ORDERED,** this 25th day of March, 2025.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE