IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHANCE TURNER BROWN, IV, <br>     Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br>     Defendant. | No. 2:25-cv-02323-SHL-cgc |

**ORDER DENYING PETITION TO RECONSIDER DENIAL OF EX PARTE TEMPORARY RESTRAINING ORDER**

    Plaintiff Chance Turner Brown, IV, seeks reconsideration of the Court's order denying his motion for an ex parte temporary restraining order. (ECF No. 13.) Because Brown has not shown any clear error in the order denying his motion for a TRO, his motion for reconsideration is also **DENIED**.

## BACKGROUND

    On March 7, 2025, Brown issued a Bill of Exchange "backed by the full faith and credit of the United States Treasury" directing Defendant Wells Fargo Bank, N.A. to pay him $8,250,000.00 for services rendered in his capacity as trustee of himself. (ECF No. 3 at PageID 23 (sealed).) A week later, he presented the Bill of Exchange to Wells Fargo for deposit into his account. (ECF No. 2 at PageID 4.) Wells Fargo refused to process it. (Id.) As a result, Brown filed a petition to enforce the Bill and contemporaneously requested an ex parte TRO compelling Wells Fargo to immediately accept and process it. (ECF No. 2.) He asserts claims against Wells Fargo for breach of contract, negligence, tortious interference, wrongful account closure, improper characterization of financial instrument, and discrimination in violation of the Equal Credit Opportunity Act. (Id. at PageID 4–5.)

The Court declined to grant a TRO because Brown failed to satisfy the procedural requirements for requesting one, and he is unlikely to succeed on the merits of his claims. (ECF No. 8 at PageID 33.) Brown seeks immediate reconsideration of that order, arguing that the Court failed to acknowledge his irreparable injury, "erred in applying commercial definitions," violated his right to due process by ruling without a hearing, and refused to recognize his equal protection in commerce despite "being outside federal citizenship." (ECF No. 13 at PageID 50–51.) A week after he filed his emergency motion for reconsideration, he filed a sealed ex parte "notice of judicial duty and demand for ruling" on it. (ECF No. 14 (sealed).)

## ANALYSIS

Brown does not cite to any federal or local rule that would allow the Court to reconsider its order. The Federal Rules of Civil Procedure do not directly provide for reconsideration of interlocutory orders. Hensley v. Methodist Healthcare Memphis, No. 13-2463-STA-cgc, 2014 WL 11514825, at *1 (W.D. Tenn. Sept. 26, 2014) (citing Biel Loanco III-A, LLC v. Labry, 862 F. Supp. 2d 766, 787 (W.D. Tenn. 2012)). But Local Rule 7.3 allows a party to move "for the revision of any interlocutory order" under Federal Rule of Civil Procedure 54(b). The moving party cannot simply recycle the same arguments that the Court already rejected. L.R. 7.3(c). Instead, he must show (1) "a material difference in fact or law from that which was presented" that he did not know at the time of the original order despite exercising reasonable diligence, (2) an intervening change of controlling law, or (3) "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented." L.R. 7.3(b). Brown has not met this burden.

To begin, Brown does not argue a material difference in the law or facts, nor does he argue that there has been an intervening change of controlling law. Instead, he asserts that the

order contained a variety of errors. (ECF No. 13 at PageID 49–50.) The Court already addressed most of Brown's arguments in its first order, and they remain without merit.

Brown argues that the Court denied him his right to due process by denying his motion without a hearing. But Brown never requested a hearing on his TRO motion. See L.R. 7.2(d) ("If counsel desires a hearing on the motion before the court, counsel shall request the hearing in the motion or response and shall explain why a hearing would be helpful or necessary."). Even if he had, however, he would not have received one—a hearing is not helpful or necessary here, where it is clear that Brown is not entitled to the extraordinary relief he seeks.

After reiterating that Wells Fargo's refusal to give him $8,250,000.00 amounts to irreparable harm, Brown asserts that the Court erroneously found otherwise based on caselaw concerning a different type of claim. (ECF No. 13 at PageID 50.) But Brown's "harm" is only "irreparable if it is not fully compensable by monetary damages," regardless of whether his claims differ from the claims at issue in the cases cited by the Court. Overstreet v. Lexington-Fayette Urban Cnty. Gov., 305 F.3d 566, 578 (6th Cir. 2002) (citing Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992)). The only context in which this rule does not apply is when the "claim is based upon a violation of the plaintiff's constitutional rights." Id. (citing Connection Distrib. Co. v. Reno, 154 F.3d 281, 288 (6th Cir. 1998)). Brown does not assert a constitutional claim here, despite characterizing this as a "matter of constitutional standing" (ECF No. 13 at PageID 50) and stating that he "invokes constitutional rights" (ECF No. 14 at PageID 58 (sealed)).[1] His references to the Constitution do not convert his claims into constitutional ones.

---

[1] None of Brown's claims implicate the Constitution. Although he filed a motion to amend his complaint (ECF No. 9), which is pending before Magistrate Judge Claxton, none of the claims in his proposed amended complaint are based on the Constitution, either. (See ECF No. 10 at

3

For the first time, Brown states that he is under threat of eviction. (ECF No. 13 at PageID 54.) But this harm is not caused by Wells Fargo's refusal to give him more than eight million dollars. Brown clarifies that he has "no stable income, nor access to public assistance, due to [his] lawful choice to exist outside corporate citizenship and statutory systems." (ECF No. 13 at PageID 54.) Even if Brown could somehow trace his harm to Wells Fargo, he cannot show a strong likelihood of success on the merits of his claims, which is independently fatal to his request for a TRO. Brown has not presented any law contrary to the Court's ruling, and he has not shown that the Court manifestly erred in relying on the Treasury's own guidance stating that these kinds of bills of exchange "are worthless." TreasuryDirect, <u>Bogus Sight Drafts/Bills of Exchange Drawn on the Treasury</u>, https://treasurydirect.gov/laws-and-regulations/fraud/bogus-sight-draft/ ("Drawing such drafts on the U.S. Treasury is fraudulent and a violation of federal law.").[2] Wells Fargo did not refuse to give him more than eight million dollars because he is a "Non-Citizen National"—it refused to give him those funds because he is not entitled to them.

## CONCLUSION

Nothing has changed since the Court originally denied Brown's motion for a TRO, and he has not shown that the Court clearly erred in denying his request for extraordinary ex parte relief. Thus, his motion for reconsideration is **DENIED**.

---

PageID 41 (asserting a claim for a violation of the Equal Credit Opportunity Act and seeking both enforcement of the negotiable instrument and a declaratory judgment affirming its validity).)

[2] Although the Bill is purportedly drawn on Wells Fargo as a member of the Federal Reserve, it states that it should be processed through the Treasury or the Federal Reserve System. (ECF No. 3 at PageID 23 (sealed).)

**IT IS SO ORDERED,** this 17th day of April, 2025.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE