IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHANCE TURNER BROWN, IV, <br>     Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br>     Defendant. | No. 2:25-cv-02323-SHL-cgc |

**ORDER STRIKING PLAINTIFF'S FILINGS**

Plaintiff Chance Turner Brown, IV, filed a Petition for Final Constitutional Judgment and Writ of Mandamus on April 28, 2025. (ECF No. 26 at PageID 101). Three days later, he attempted to grant his own motion by entering a Final Constitutional Judgment, signed by himself and authenticated with his fingerprint, that awards him compensatory and injunctive relief against Defendant Wells Fargo Bank, N.A. (ECF No. 28.) His fictitious judgment purports to speak on behalf of the Court. (Id. at PageID 113 ("This Court hereby ORDERS that Wells Fargo Bank, N.A. shall immediately process, honor, and credit the Bill of Exchange . . . to PETITIONER'S account . . . .").)

Brown has since used his self-bestowed judicial authority to take judicial notice of his self-created judgment, and he has filed various documents attempting to affirm the judgment's validity. (ECF Nos. 31, 35, 38.) He now believes he has an enforceable lien against Wells Fargo's assets based on his phony judgment. (ECF Nos. 29, 30.) And he seeks to enforce it through the United States Marshall Service. (ECF Nos. 36, 37, 39, 40.) His counterfeit judgment and all the recent filings purporting to either authenticate it or enforce it are **STRIKEN**. The Clerk is **DIRECTED** to strike document entry 28, 29, 30, 31, 35, 36, 37, 38,

39, and 40.  The Clerk is also **DIRECTED** to reject any of Brown's future filings in which he purports to act on behalf of the Court.

Brown must stop cloaking himself with authority he does not possess.  This action arose because of Brown's self-issued Bill of Exchange drawing on the United States Department of the Treasury.  He has now drafted judgments drawing on the authority of the Court.  The Court formally cautions him against creating documents that purport to grant relief he has no authority to award.  And he is warned that continued abuse of the Court's filing system may result in the imposition of filing restrictions.  See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998) (stating that there "is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation") (citing Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987)).

**IT IS SO ORDERED,** this 9th day of May, 2025.

                                        s/ Sheryl H. Lipman  
                                        SHERYL H. LIPMAN  
                                        CHIEF UNITED STATES DISTRICT JUDGE