IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHANCE TURNER BROWN, IV, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:25-cv-02323-SHL-cgc |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION**

Plaintiff Chance Turner Brown, IV filed a petition to force Defendant Wells Fargo Bank, N.A. to accept and process his self-issued Bill of Exchange. (See generally ECF No. 2.) Magistrate Judge Claxton screened Brown's complaint under 28 U.S.C. § 1915(e)(2)[1] and recommended that it be dismissed because it is frivolous and fails to state a claim upon which relief can be granted. (See generally ECF No. 42.) Brown did not specifically object to Judge Claxton's reasoning in the R&R, but he filed various documents generally challenging her jurisdiction to issue it without his consent. (See ECF Nos. 43, 47, 48, 49.) Because Judge Claxton has the authority to issue an R&R under Administrative Order Number 2013-05 and 28 U.S.C. § 636(b)(1)(B), and there being no clear error in the R&R, it is **ADOPTED**. Brown's petition is **DISMISSED**.

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and

---

[1] Because Brown is proceeding in forma pauperis, his complaint must be preliminarily screened to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). When a party objects to an R&R, his objections must be specific. Thomas v. Arn, 474 U.S. 140, 151 (1985). An objection is specific if it enables the court to focus on the factual and legal issues "that are at the heart of the parties' dispute." Jackson v. Social Sec. Admin., No. 3:20-cv-00818, 2021 WL 8013869, at *1 (M.D. Tenn. Sept. 8, 2021) (quoting Thomas, 474 U.S. at 147). "General or conclusory objections are insufficient." Weeks-Israel v. U.S. Army Recruiting Suffolk, No. 3:18-cv-00317, 2019 WL 4963251, at *1 (M.D. Tenn. Oct. 8, 2019) (citing Zimmerman v. Cason, 354 F. Appx. 228, 230 (6th Cir. 2009)).

An objection is general and conclusory when it "does nothing more than state a disagreement with a magistrate's suggested resolution," VanDriver v. Martin, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004), or when it does not identify a specific error made by the magistrate judge, Parker v. Hankook Tire Manuf. Tenn., LP, No. 3:22-cv-00063, 2023 WL 2390672, at *1 (M.D. Tenn. Mar. 7, 2023) (citing Howard v. Sec. of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991)). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Brown has not filed any specific objections to the R&R, and the time to do so has expired. Instead, Brown has filed various documents challenging Judge Claxton's jurisdiction to issue an R&R without his consent. (See ECF No. 43 (petitioning to strike Judge Claxton's R&R as void for lack of jurisdiction); ECF No. 47 (giving notice to the Clerk to refuse magistrate

assignment); ECF No. 48 (giving notice to this Court that Brown does not consent to referral of his case to "C.G.C.," whom he mistakenly identifies as Carla Green Constantine); ECF No. 49 (giving notice to all officers of the Court of his absolute rejection of magistrate jurisdiction).) Brown argues that he did not consent to magistrate jurisdiction under 28 U.S.C. § 636(b) and therefore Judge Claxton's R&R is unlawful under § 636(c). But Brown ignores the distinction between subsections (b) and (c)—he does not have to consent for a magistrate judge to issue an R&R under subsection (b).

      A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case without the consent of the parties. § 636(b)(1)(B). In this district, Administrative Order Number 2013-05 automatically refers "all pending and future cases filed by pro se non-prisoner plaintiffs" to the assigned magistrate judge for proposed findings and recommendation under § 636(b)(1)(B). Brown need not consent for a magistrate judge to issue an R&R. His consent is only required for a magistrate judge to conduct all proceedings and enter a judgment. § 636(c)(1). Thus, his argument that Judge Claxton lacked the authority to conduct the preliminary review under 28 U.S.C. § 1915(e)(2) and issue an R&R is without merit. See Bialik v. Raddatz, No. 1:12–CV–522, 2012 WL 2913185, at *1 (W.D. Mich. July 17, 2012) (overruling the plaintiff's objection that an R&R was void because the plaintiff did not consent to magistrate jurisdiction).

      Having addressed Brown's one objection, and there being no other objections to the substance of the R&R, the Court reviews it for clear error and finds none. The R&R correctly reasons that Brown fails to state a claim under 12 U.S.C. § 1818 because nothing in that statute provides a private right of action, and he also fails to state a claim under 15 U.S.C. § 1691 because he does not allege membership in a protected class or any facts supporting his

3

conclusory allegations that he was subjected to discrimination. (ECF No. 42 at PageID 211.) Brown's invocation of various provisions of the Uniform Commercial Code are similarly ineffective—the UCC itself "is not the law of any state, nor is it federal law." (Id. (quoting Yoo v. E. Ohio Gas Co., 1:25-cv-548, 2025 WL 885683, *2 (N.D. Ohio Mar. 21, 2025)).)

With no federal question to anchor Brown's remaining state law claims, Brown must have pled diversity jurisdiction to remain in federal court, and Judge Claxton correctly found that he has not done so. (Id. at PageID 210–211.) The R&R reasons that Brown cannot satisfy the amount in controversy requirement because his claim for more than $8 million is not made in good faith. (Id.) Indeed, the Court agrees that Brown's "claim is the opposite of good faith," and his belief that Wells Fargo owes him millions of dollars based on his self-issued "Bill of Exchange—a 'worthless piece of paper'—is total nonsense." See Kennebrew v. PNC Bank, Case No. 1:25-cv-13, 2025 WL 801169, at *2 (E.D. Tenn. Mar. 13, 2025) (quoting Harrison v. Young, No. 1:23-cv-129, 2024 WL 4361626, at *4 (N.D. Miss. Aug. 16, 2024)). For this same reason, the Court also agrees with the R&R that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is denied. (See ECF No. 42 at PageID 212.)

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R. Brown's federal claims are **DISMISSED WITH PREJUDICE** and his state law claims are **DISMISSED WITHOUT PREJUDICE**. It is **CERTIFIED** that leave to appeal in forma pauperis is **DENIED**.

**IT IS SO ORDERED,** this 30th day of May, 2025.

                                                     s/ Sheryl H. Lipman
                                                     SHERYL H. LIPMAN
                                                     CHIEF UNITED STATES DISTRICT JUDGE