IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHANCE TURNER BROWN, IV,  <br>   Plaintiff,  <br>   v.  <br> WELLS FARGO BANK, N.A.,  <br>   Defendant. | )  <br> )  <br> )  <br> )  <br> )   No. 2:25-cv-02323-SHL-cgc  <br> )  <br> )  <br> )  <br> ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On May 30, 2025, the Court adopted Magistrate Judge Claxton's report and recommendation and entered a final judgment dismissing this matter. (ECF No. 52.) A week later, Petitioner Chance Turner Brown, IV filed various objections to the Court's order. (ECF No. 55.) Although he does not cite a procedural rule that would permit him to lodge objections,[1] the Court construes his filing as a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). Because Brown does not meet the standards to amend or set aside the judgment under either rule, his motion is **DENIED**.

Rule 59(e) and 60(b) both allow a court to grant relief from a final judgment, but they do so for different reasons. To qualify for relief under Rule 59(e), Brown must show (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. Harris v. Audi of Nashville & Am. Credit Acceptance, LLC, No. 3:24-cv-00791, 2025 WL 864288, at *1 (M.D. Tenn. Mar. 19, 2025) (quoting Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009)). And Rule 60(b) only permits a

---

[1] Brown cites the Constitution, the Fifth Amendment, the Civil Rights Act of 1866, the Judiciary Act of 1789, the Uniform Commercial Code, and the "Law of Nations." None of these provide a basis for objecting to the Court's judgment.

court to relieve a party from a final judgment for "certain enumerated reasons." Willie McCormick & Assocs., Inc. v. Lakeshore Eng. Servs., Inc., No. 12-15460, 2023 WL 3129454, at *2 (E.D. Mich. Apr. 27, 2023) (citing Fed. R. Civ. P. 60(b)).  Brown is not entitled to relief under either rule.

Rule 59(e) cannot be used as "a vehicle to re-hash old arguments." Harris, 2025 WL 864288, at *1 (quoting Gulley v. Cnty. of Oakland, 496 F. App'x 603, 612 (6th Cir. 2012)). But that is exactly what Brown does here—he asserts many different grounds for his objections[2] and supports them solely by incorporating his previous filings. (See ECF No. 55 at PageID 280.) Because the Court already considered and rejected these arguments, it does not reconsider them here.  Thus, Brown has shown no basis to amend the judgment under Rule 59(e).

Brown only alleges one ground for relief recognized by Rule 60(b)—he asserts that the judgment is void. (ECF No. 55 at PageID 280); see Fed. R. Civ. P. 60(b)(4).  As he has done throughout this litigation, he argues that the Court lacks jurisdiction over him (ECF No. 55 at PageID 280), and his assertion mimics the same "meritless rhetoric frequently espoused by . . . sovereign citizens," Noles v. IRS, No.: 3:23-cv-150-TAV-JEM, 2024 WL 4899990, at *2 (E.D. Tenn. Nov. 26, 2024) (quoting United States v. Coleman, 871 F.3d 470, 476 (6th Cir. 2017)). Courts routinely reject these "frivolous" arguments because they are "a waste of court resources." Id. (quoting Powell v. Michigan, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023)); see also id. (quoting Francis X. Sullivan, The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement, 199 Wis. L.

---

[2] He argues that the Court violated his right to due process, improperly referred the case to Judge Claxton, dismissed his case "[w]ithout [r]ebuttal," invalidated lawful instruments without evidence, and denied him constitutional redress.  (ECF No. 55 at PageID 280.)  Brown also challenges the Clerk's refusal to enforce his self-created "Final Judgment."  (Id.)

Rev. 85, 796 (1999) ("Faced with mountains of paperwork, courts must choose between spending hours deciphering Sovereign Citizen arguments or dismissing them out of hand.") The Court will not spend any more hours than it already has deciphering Brown's arguments.

Brown has not satisfied his burden under either Rule 59(e) or 60(b). Thus, his motion is **DENIED**. He is cautioned against filing another. Should he wish to challenge the Court's order, he must appeal it and pay the filing fee required to do so. (See ECF No. 52 at PageID 270 (denying leave to appeal in forma pauperis).)

**IT IS SO ORDERED,** this 10th day of June, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE